# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:

Michael B. Peterson                                        Case No. 10-30016-DOT
Nancy P. Peterson

      Debtors.                                              Chapter 7


Bayview Loan Servicing, LLC as servicer for the Mortgagee of record,

      Plaintiff,

v.

Michael B. Peterson,
Nancy P. Peterson,
and
Keith L. Phillips, Trustee,

      Defendants.


## MOTION FOR RELIEF FROM STAY AND NOTICE OF MOTION AND HEARING

      **NOW COMES** Bayview Loan Servicing, LLC as servicer for the Mortgagee of record, by counsel, and states as follows as its Motion for Relief from Stay against Debtors:

      1.      This Court has jurisdiction over the matters herein alleged pursuant to 28 U.S.C. § 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157 and is a contested matter under Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

      2.      That on or about January 4, 2010, Debtors filed a petition for relief under 11 U.S.C.

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, Virginia 23452
757-498-9600
Counsel for Plaintiff

Chapter 7 and, as a result, an automatic stay took effect prohibiting, among other things, Plaintiff from taking possession of the collateral securing its loan to Debtors.

3. Debtors herein own an interest in the following real estate located in King George County, Virginia, to-wit: 13154 Harmony Lane, King George, Virginia more particularly described as follows:

> see attached deed of trust.

4. Plaintiff is a secured creditor of Debtors, being secured by a deed of trust on the above-described property, which said deed of trust is duly recorded in the Clerk's Office of the Circuit Court, King George County, Virginia.

5. That at the time of the Chapter 7 petition in bankruptcy, Debtors were and continue to be in default under the terms of said deed of trust in that the account is past due for the September 1, 2009 through January 1, 2010 payments with arrearages totaling $37677.12 and that the approximate payoff of the account is $496643.50.

6. That Plaintiff lacks adequate protection.

7. There is no equity in the described property that would inure to the benefit of the bankruptcy estate.

8. For the above and foregoing reasons, Plaintiff asserts that cause exists sufficient to waive the requirement of Bankruptcy Rule 4001 (a)(3), therefore allowing the Order granting the relief sought to be effective upon its entry.

**WHEREFORE**, Plaintiff moves the Court for relief from the automatic stay pursuant to 11 U.S.C. § 362 as to the above-described property so that it may proceed against in accordance with state law.

Bayview Loan Servicing, LLC as servicer for the Mortgagee of record

                                                /s/ Sara A. John  
                                                Sara A. John  
                                                M. Richard Epps, P.C.

## NOTICE OF MOTION AND HEARING

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then within fourteen (14) days from the date of service of this Motion, you must file a written response explaining your position with the Court at the following address: **Clerk of Court, United Sates Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, VA 23219**, and serve a copy on the movant's attorney at the address shown below. Unless a written response is filed and served within this fourteen-day period, the Court may deem opposition waived, treat the Motion as conceded, and issue an Order granting the requested relief.

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the expiration of the fourteen-day period.

Attend a preliminary hearing scheduled to be held on February 17, 2010 at 11:00 AM in the United States Bankruptcy Court, 701 East Broad Street, Room 5100, Richmond, Virginia.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting relief.

Date:  January 13, 2010    Signature, name, address and telephone number of person giving notice:

 /s/ Sara A. John
Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
757-498-9600
Counsel for Bayview Loan Servicing, LLC as servicer for the Mortgagee of record

Certificate of Service

     I hereby certify that on January 13, 2010, I mailed or electronically served a true copy of this Motion for Relief From Stay and Notice of Motion and Hearing to each party required to receive notice under Local Bankruptcy Rule 4001(a)-1(E)(1) as follows: Michael B. Peterson, 13209 Harmony Lane, King George, VA 22485; Nancy P. Peterson, 13209 Harmony Lane, King George, VA 22485; Keith L. Phillips, Trustee, 311 South Boulevard, Richmond, VA 23220-5705; and Dale E. Adams, Counsel to Debtors, 1301 Princess Anne Street, Fredericksburg, VA 22401.

 /s/ Sara A. John
Sara A. John
M. Richard Epps, P.C.