**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 39632)
Kimberly A. Pierro (VSB No. 71362)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone: (804) 644-1700
loc.pfeiffer@kutakrock.com
*Counsel for Keith L. Phillips, Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

IN RE:

MICHAEL B. AND NANCY P. PETERSON

        CASE NO. 10-30016-DOT

    Debtors.        Chapter 7

### TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE
### AND MOTION TO AUTHORIZE PAYMENT OF COMMISSIONS AND EXPENSES TO AUCTIONEER FROM SALES PROCEEDS

Keith L. Phillips (the "Trustee"), Trustee for the Bankruptcy Estate of Michael B. Peterson ("Mr. Peterson") and Nancy P. Peterson (together, the "Debtors"), by counsel, moves the Court for authority to sell property of the bankruptcy estate pursuant to 11 U.S.C. § 363 and Rule 6004 of the Federal Rules of Bankruptcy Procedure and to pay commissions and expenses to the Trustee's auctioneer from the proceeds of such sale. In support thereof, the Trustee states as follows:

### PARTIES

1. On January 4, 2010, the Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code in this Court.

2. The Trustee was duly appointed as trustee to the Debtor's bankruptcy estate and continues to serve in that capacity in this case.

## JURISDICTION

3.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157.

4.  The Court has subject matter and personal jurisdiction over all parties in interest pursuant to 28 U.S.C. § 1334.

## PROPERTY OF THE ESTATE

5.  Mr. Peterson owns a one half interest in certain real property located at 13226 Harmony Lane, King George, Virginia (the "Property"), and more particularly described as:

> ALL THAT CERTAIN LOT OR PARCEL OF LAND WITH ALL RIGHTS AND PRIVILEGES THERETO APPURTENANT, SITUATE, LYING AND BEING IN SHILOH MAGISTERIAL DISTRICT OF KING GEORGE COUNTY, VIRGINIA, BEING 1.329 ACRES AND KNOWN AND DESIGNATED AS PARCEL 2-G-1, AS SHOWN AND SET FORTH ON A BOUNDARY ADJUSTMENT PLAT ALONG THE COMMON LINE OF THE PROPERTIES OF SIDNEY M. PETERSON AND ANNA M. PETERSON MADE BY DAVID L. DEPUTY. C.L.S. DATED MAY 21, 2001, A COPY OF WHICH PLAT IS RECORDED IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF KING GEORGE COUNTY, VIRGINIA, AND AN AFFIDAVIT RECORDING SAID PLAT IS RECORDED IN SAID CLERK'S OFFICE IN DEED BOOK 382 AT PAGE 156.

TAX ID #33-135-N

6.  A title report shows that the co-owner of the property is Anna M. Peterson, Mr. Peterson's mother. Anna M. Peterson currently resides with her daughter in Maryland, and her daughter, Christine Peterson, is the attorney in fact for her. Anna M. Peterson, through her attorney in fact consents to the sale of the Property and the Trustee proposes to pay Anna M. Peterson one half of the proceeds of the sale, after payment of real property taxes, the costs of closing, and commissions to the auctioneer, at the closing of the sale. The title report does not indicate any liens on the Property. There may also be some amounts owed to King George County on account of unpaid real estate taxes.

7.  The taxed assessed value of the Property is $199,800.00.

8. The Debtor's interest in the Property constitutes property of the estate pursuant to 11 U.S.C. §541.

## MOTION FOR AUTHORITY TO SELL AND TO PAY COMMISSIONS

9. The Trustee seeks authority to sell the Property free and clear of all liens and interests, including the Debtor's homestead deed, pursuant to 11 U.S.C. §§ 363(b) and (f) with all liens and interests in the Property attaching to the net sales proceeds.

10. The Trustee also requests the Court to authorize payment from the sales proceeds at closing any lien that is uncontested, real property taxes or any ordinary closing charges that may be due at the time of closing. If necessary, the Trustee will initiate an Adversary Proceeding to request that the Court determine the extent and priority of liens in the Property and any net proceeds that may derive from the sale of the Property.

11. The Trustee further requests from this Court authority to pay one half of the proceeds, after payment of real property taxes or any ordinary closing charges that may be due at the time of closing and commissions to the auctioneer, to the non-debtor co-owner of the Property, Anna M. Peterson.

12. In exercising his business judgment, the Trustee believes that the Property should be marketed and sold at auction by a professional, experienced auctioneer to obtain the highest and best price for the Property.

13. The Trustee seeks authority to conduct an auction, by and through Estate Assets LLC d/b/a Caring Transitions ("<u>Auctioneer</u>"), to be scheduled after the Court's approval of this Motion. Pursuant to this Court's Order authorizing the employment of the Auctioneer, the Trustee seeks to pay the Auctioneer its commission and expenses from the sale proceeds. The terms of the auction of the Property will include a buyer's premium equal to 10% of the highest

bid (the "Buyer's Premium"), and therefore the Trustee proposes to compensate the Auctioneer by payment of the Buyer's Premium of the sale proceeds from the Property.

14. At the request of the Trustee, the Auctioneer has prepared a preliminary marketing budget and estimates that $2,500.00 will be expended in promoting the sale of the Property. The Auctioneer has offered to advance the necessary advertising and promotional costs up to $2,500.00. While the Trustee does not anticipate any substantial increase in such costs, he also seeks authority to approve any increase in the budget amount that the Auctioneer may request in writing without further approval of the Court.

15. The Trustee seeks authorization to pay the Auctioneer its commissions and reimburse it for all expenses at closing. The Trustee submits that the compensation and expense arrangements with the Auctioneer are fair and reasonable for marketing and conducting an auction of the Property.

16. The Trustee further seeks authority to enter into a private sale contract for the Property prior to the auction, which contract shall be subject to the approval of the Court.

17. The Trustee also seeks authority to postpone, adjourn or call off the auction in which event the Auctioneer shall be entitled to any approved expenses actually incurred by it in preparing for the auction.

**WHEREFORE**, the Trustee requests the Court to (i) authorize the sale of the Property as set forth herein; (ii) authorize the payment of commissions and expenses to the Auctioneer from the sale proceeds at closing as set forth herein; and (iii) award any further relief the Court deems proper.

**KEITH L. PHILLIPS, TRUSTEE**

By: /s/ Kimberly A. Pierro
                Counsel

**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 39632)
Kimberly A. Pierro (VSB No. 71362)
1111 East Main Street, Suite 800
Richmond, VA 23219-3500
804-644-1700
  *Counsel for Keith L. Phillips, Trustee*

**CERTIFICATE OF SERVICE**

       I certify under penalty of perjury that on December 22, 2010, a true and correct copy of this document was served via the Court's ECF system on the debtor's counsel, as well as to all registered participants, which includes the U.S. Trustee, and by first class mail on the debtors as follows:

Robert B. Van Arsdale, Esq.
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Dale E. Adams, Esq.
1301 Princess Anne St
Fredericksburg, VA 22401

Michael B. and Nancy P. Peterson
13209 Harmony Lane
King George, VA 22485

Christine M. Peterson
403 Whitcliff Court
Gaithersburg, MD 20878

Sands Anderson P.C.
904 Princess Anne Street, Suite 407
P.O. Box 907
Fredericksburg, VA 22404-0907
Attention: Dawn Stanley

                                                                  /s/ Kimberly A. Pierro
                                                                  Counsel